UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.  **ED CV 13-01515-MWF (SPx)**   Date:  **September 17, 2013**

Title:   Colfin AI-CA 4, LLC -*v*- Dion Rogers et al.

---

PRESENT: HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

| Rita Sanchez | None Present |
| Courtroom Deputy | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANT:

None Present    None Present

PROCEEDINGS (IN CHAMBERS):  ORDER REMANDING ACTION [6]

This matter is before the Court on the Order to Show Cause re: Jurisdiction issued on August 30, 2013. (Docket No. 5). The Court has reviewed and considered the Plaintiffs' Response. For the reasons stated below, the Court **REMANDS** this action to Riverside Superior Court.

On July 5, 2013, Plaintiff Colfin AI-CA 4, LLC ("Colfin") filed a Complaint for Unlawful Detainer in California Superior Court. (Docket No.1, Ex. A). On August 25, 2013, Defendants removed this action to federal court on the basis of federal question jurisdiction pursuant to 28 U.S.C § 1331. (Docket No. 1). The allegations regarding subject matte jurisdiction appeared to be defective, and on August 30, 2013, the Court *sua sponte* issued an Order to Show Cause re: Jurisdiction, directing Defendants to respond in writing no later than September 13, 2013. (Docket No. 5). On September 13, 2013, Defendants Dion Rogers and Janice Rogers filed a timely Response to the Order to Show Cause. (Docket No. 6).

In their Response, Defendants argue that this matter presents a federal question because Colfin's claim for unlawful detainer depends upon the notice to quit served on Defendants, and the notice to quit states that Defendants' tenancy ends 90 days after the date of service of the notice, as required by the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5201. Defendants thus

---

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **ED CV 13-01515-MWF (SPx)**          Date:  **September 17, 2013**

Title:     Colfin AI-CA 4, LLC -*v*- Dion Rogers et al.

---

argue that the "construction of federal law is a necessary element of [Colfin's] claim."  (Response, at 2).

However, the Court finds that Colfin's claim for unlawful detainer does not depend on the resolution of a substantial question of federal law.  A federal question exists only if (1) federal law creates the claim for relief or federal jurisdiction to hear the claim, or (2) if a state law claim necessarily raises "not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."  *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313, 125 S. Ct. 2363, 2367, 162 L. Ed. 2d 257 (2005).

Colfin's Complaint neither alleges a claim for relief arising under federal law, nor references federal law.  Moreover, the fact that the notice to quit includes text required by federal law does not give rise to a federal question.  To the extent that the PTFA required Colfin to wait 90 days before initiating a state law detainer, that requirement does not present a substantial and disputed question of federal law, but rather, deals with the application of a straightforward timing requirement.

The only disputed federal issue is raised by Defendants who argue in the Removal that Colfin did not wait the requisite 90 days before filing the state claim.  Therefore, it still appears that Defendants at most allege a federal defense, which is an insufficient basis on which to find federal question jurisdiction.  *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 96 L.Ed. 2d 318 (1987) ("Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.").

Therefore, the Court Concludes that it lacks subject matter jurisdiction over the claim at issue and *sua sponte* **REMANDS** the action to the Superior Court of the State of California for the County of Riverside.

---

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **ED CV 13-01515-MWF (SPx)**             Date:  **September 17, 2013**

Title:     Colfin AI-CA 4, LLC -*v*- Dion Rogers et al.

---

    The Court **ORDERS** the Clerk to treat this order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

    IT IS SO ORDERED.